ARCHIBALD ALLEN, plaintiff in error, v. NATHANIEL BELCHER, administrator of Otis Reynolds, deceased, defendant in error.

*Error to Warren.*

The Circuit Court, as an appellate Court, is circumscribed within the same limits as the Court in which the case originated. If the want of jurisdiction be apparent, the Circuit Court must dismiss the cause, and leave the parties to litigate anew their differences in some competent trial. But the parties may, nevertheless, by mutual consent, avoid such consequences, by submitting the case to the Circuit Court to be determined as if originally commenced there. The only inquiry then would be, whether the Court would have had jurisdiction of it as an original action.

A. filed before a Probate Justice a claim against the estate of a deceased person. The administrator claimed and exhibited a set-off of a larger amount, and the Court rendered a judgment in his favor for $1,450. A. appealed to the Circuit Court, where, after several motions were made on either side, the parties agreed that the cause should be tried on its merits. It was then submitted to a jury, when a verdict was rendered for the administrator for $1,500. Judgment was then rendered, with directions to the clerk to certify the proceedings to the Probate Justice, and directing him to award execution, &c: *Held*, that the Circuit Court, by the consent of the parties, had jurisdiction of the cause, but erred in directing the Probate Justice to issue execution.

THIS was a proceeding originally commenced before the Probate Justice of Rock Island county by the plaintiff in error against the defendant in error. Judgment being rendered against the former for $1,450, he appealed to the Circuit Court, and afterwards took a change of venue to Warren county, where the cause, by agreement of the parties, was tried on its merits before the Hon. Norman H. Purple and a jury. A verdict was rendered against the present plaintiff in error for $1,500, on which there was judgment, and a special order which is set forth in the Opinion of the Court.

The cause was submitted in this Court upon the briefs and written arguments of *Browning & Bushnell* for the plaintiff in error, and of *Knox & Drury* and *T. Ford* for the defendant in error.

The Opinion of the Court was delivered by

Treat, J.   On the 6th of June, 1842, Allen filed in the office of the Probate Justice of the Peace for Rock Island county, a claim against the estate of Otis Reynolds, for $182·75.   Belcher, the administrator of Reynolds, exhibited by way of set-off, an account against Allen and in favor of the estate, for $2,794.   The Probate Justice heard the case, and rendered a judgment in favor of the administrator for $1,450.   Allen prosecuted an appeal, and at his instance a change of venue was awarded to Warren county.   In the latter Court, Allen entered a motion to dismiss the case or take a nonsuit; and Belcher entered a motion for additional security for costs, and another for the dismissal of the appeal.   While these motions were pending, the parties agreed that they should be withdrawn and not again be renewed, and that the cause should stand for trial on the merits.   The cause was then tried before a jury, and a verdict returned in favor of the administrator for $1,500.   Allen entered a motion in arrest of judgment, which the Court denied.   A judgment was then entered in favor of the administrator for the amount of the verdict and costs, with a further order that a certified copy of the judgment should be transmitted to the Probate Justice of Rock Island county, who, after making a record thereof, should proceed to enforce the collection of the judgment by issuing execution thereon.

Allen brings the record into this Court and assigns for error the decisions of the Circuit Court, denying the motion in arrest of judgment, and directing the judgment to be certified to the Probate Justice that execution might issue thereon.

It is insisted by the plaintiff in error, that Probate Justices are limited in their jurisdiction to cases in which the amount claimed on either side does not exceed one thousand dollars; and consequently, the Probate Justice had no jurisdiction over the present case, and none was acquired by the Circuit Court, where the cause was pending on appeal.   We do not

deem it necessary to discuss the question whether the Probate Justice had jurisdiction. It is very clear that jurisdiction was vested in the Circuit Court by the stipulations of the parties, if it did not otherwise possess it. It is admitted that a Circuit Court cannot entertain jurisdiction of a case brought before it by appeal, unless the inferior Court had jurisdiction. As an appellate Court, its powers are circumscribed within the same limits as the Court in which the case originated. Where the want of jurisdiction is apparent, its only duty is to dismiss the case, and leave the parties to litigate anew their differences in some tribunal competent to adjust them. The parties may, nevertheless, by mutual consent, avoid such consequences, by submitting the case to the Circuit Court to be determined as if originally commenced there. In such case the only inquiry would be, whether the Court would have had jurisdiction of it as an original action. If so, it should proceed to hear and determine it as such, without any reference to the previous proceedings, which the parties have thought proper to disregard and abandon. The doctrine that consent cannot confer jurisdiction has no application. Consent cannot invest a Court with jurisdiction, where by law it has no authority to adjudicate upon the subject matter of the suit; but where it has jurisdiction over the subject matter, the parties may, by a waiver of their personal privileges, render the jurisdiction complete. This is frequently done by dispensing with process, and other preliminary proceedings, and the right to do it cannot be controverted. The Circuit Court as a Court of original jurisdiction had the right to take cognizance of the subject matter of the present case; and the parties, by waiving their objections to the mode in which it reached there, and assuming that it should be heard on the merits, fully submitted the subject matter and their persons to the jurisdiction of the Court. Its jurisdiction over the case was thus made ample and complete, and its adjudications need not the aid of the previous proceedings to be sustained.

The order of the Circuit Court directing the Probate Jus-

tice to issue execution on the judgment, was unwarrantable and must be reversed.

The judgment of the Circuit Court in favor of Belcher and against Allen will be affirmed, and the order of the Circuit Court directing the Probate Justice to issue execution on the judgment will be reversed, and execution upon the judgment will issue from the Circuit Court of Warren county. The costs of this writ of error to be paid by Belcher, as administrator of Reynolds.

*Judgment affirmed, &c.*